## Wilson v. Wilson

224

*C. Henry Nicholson,* for plaintiff.

*Harold S. Hampson,* for defendant.

FLICK, P. J., November 13, 1964.—On February 8, 1964, the wife-plaintiff filed her complaint in divorce, signed by C. Henry Nicholson, Esq., as her attorney. Plaintiff is a minor, and the action was brought on her behalf by her father, Donald W. Anderson. The grounds averred are indignities and cruel and barbarous treatment. The complaint also prays for an order providing for custody, visitation rights and support of the two children of the parties, to wit: Cash J. Wilson, born March 8, 1962, and Cary J. Wilson born September 11, 1963.

On April 27, 1964, defendant filed a petition averring that C. Henry Nicholson is disqualified to act as attorney for plaintiff because, prior to the filing of the complaint, defendant discussed with Mr. Nicholson the defense to be interposed to the action of divorce which plaintiff had told defendant she was filing. A rule was granted returnable June 3, 1964. At that time an answer was filed by C. Henry Nicholson averring that defendant and defendant's father consulted him

on January 25, 1964, in regard to defense to a complaint in assault and battery which the wife had filed before a justice of the peace; that he agreed to represent defendant and accepted a retainer of $40; that on Monday, January 27, 1964, Mr. Nicholson found that his secretary had, prior to the time defendant came to his office, scheduled an appointment for that day with plaintiff, that he was not acquainted with the parties and did not know they were husband and wife until the wife called at his office Monday afternoon, that after conferring with plaintiff, Mr. Nicholson decided he would represent her in her divorce action, and he explained this to defendant and his father on the evening of January 27th, returned the father's check for $40, stating that he preferred to avoid any possibility of unethical conduct by representing the husband on the assault charge and the wife in her divorce action.

A hearing on the rule was held on June 12, 1964, with testimony by defendant and his father, and by Mr. Nicholson and his secretary. After counsel made summation to the court, briefs were requested. No briefs have been received, but the court feels that the matter must be disposed of inasmuch as the divorce action has proceeded in the fashion customary where the issue is contested, and the court has been required to hold two hearings and to make temporary orders for visitation by the children with their father. Also, on June 2, 1964, plaintiff's counsel filed a petition for alimony pendente lite, counsel fees and expenses, on which a rule was granted returnable June 23, 1964. Hearing on the rule has been postponed pending a decision on the issue raised by defendant's petition averring that Mr. Nicholson is disqualified to act as attorney for plaintiff in the divorce action. Therefore, the issue raised by that petition will be now determined.

From the evidence it appears that the difficulty as to this issue arises by virtue of the fact that when defendant and his father consulted with Mr. Nicholson, they wanted him to represent defendant in the assault and battery prosecution which plaintiff had filed, but they were also more concerned with the fact that plaintiff had threatened to sue defendant for a divorce. Mr. Nicholson was not acquainted with defendant or his father, and they had first attempted to confer with Attorney Harold S. Hampson, who now represents defendant in the divorce action, but finding him not available on Saturday morning, January 25th, they went to Mr. Nicholson's office and conferred with him. Mr. Nicholson agreed to represent defendant in the assault and battery prosecution and accepted a retainer in the sum of a $40 check, which defendant's father gave to him. However, although defendant talked about his marital problems generally, Mr. Nicholson was not interested in a divorce action which was nonexistent and was only threatened by the wife. Mr. Nicholson discussed the facts on which the charge of assault and battery was based. He thought a cooling-off period would be a good idea, and he telephoned to the justice of the peace and the district attorney and obtained a continuance.

On the witness stand, Mr. Nicholson testified that he recalled only that defendant talked at some length about his marital troubles, told a big story to which Mr. Nicholson paid little attention, but his complaints were chiefly concerned with interference by his wife's parents, and Mr. Nicholson did not recall that defendant said anything directly against his wife. Mr. Nicholson did not think it would be useful to defendant to become involved in his marital troubles generally while the charge of assault and battery against him needed immediate attention. Mr. Nicholson testified that in regard to defendant's marital problems generally, he

only told defendant that things might work out so that the wife would not bring a divorce action, but if the marriage was a failure, defendant might as well face it.

From defendant's testimony it appears that he thought he had told Mr. Nicholson all about his marital difficulties, and he expected that Mr. Nicholson would represent him if plaintiff started a divorce action, in addition to representing him in the prosecution for assault and battery. Mr. Nicholson's understanding of the situation was quite different. He was not interested in defendant's marital problems generally or in a non-existent but threatened divorce action, but he did intend to represent him in the charge of assault and battery.

The parties to this marriage are young and personable people. They have two small children. The husband impressed the court as being very anxious to prevent a breakup of his home, almost desperate. In the court's opinion he was capable of making, and did make, reckless statements in his attempt to prevent his wife from divorcing him. Defendants' attitude may well be the natural consequence of finding himself in such an unhappy situation. However, some of the statements he made on the witness stand were distinctly unfair to attorney Nicholson, and the defendant should not have allowed his despair to carry him to such lengths. The court does not believe that Mr. Nicholson listened to defendant's recital of his marital troubles, including the fact that his wife had threatened to sue him in divorce, and then told defendant that he would represent him in a divorce action if it should be started by the wife. The retainer paid to Mr. Nicholson was for representing him in the prosecution for assault and battery instigated by the wife. However, in the court's opinion, by accepting the retainer and agreeing to defend the assault and battery prosecution, Mr. Nicholson placed himself in a position from which legal ethics

required him to withdraw in order to represent the wife in a divorce action.

The appointment for plaintiff was made prior to the Saturday morning Mr. Nicholson committed himself to represent defendant in the assault and battery case, but when plaintiff came to Nicholson's office the following Monday afternoon and he learned she was defendant's wife, it is this court's opinion that he should have informed plaintiff he could not represent her in the divorce action because he had already agreed to represent her husband on her charge of assault and battery. While Mr. Nicholson could not know the grounds for divorce without listening to plaintiff's story, it seems virtually inevitable that an alleged assault by defendant would be included in plaintiff's grounds for divorce.

It would be a very odd case in which assault and battery by a husband would not be part of the marital strife which promoted the wife's desire for a divorce. Here, the wife based her claim for divorce on grounds of indignities to her person and cruel and barbarous treatment by her husband. Inevitably, an assault and battery by him would be part of the proof of her case. Therefore, the situation comes close to that stated in the third paragraph of the sixth Canon of Ethics of the American Bar Association, which reads as follows:

### CANONS OF PROFESSIONAL ETHICS

"6. The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidence forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

The court feels strongly that Mr. Nicholson should not have accepted employment as plaintiff's counsel in the divorce action, withdrawing on his commitment to defend defendant on the charge of assault and battery.

By so doing, he laid himself open to a charge of choosing between retainers, and he aroused in the distraught defendant a suspicion that he had been sold out. Nevertheless, the facts of the instant case do not exactly fit the provisions of the canon above quoted. Mr. Nicholson did not agree to represent defendant if his wife instituted the divorce action which she threatened to bring, and he did not confer with defendant in regard to any defense to be raised if a divorce action was brought. Mr. Nicholson was sensitive enough to the situation to withdraw from his commitment to represent defendant in the assault and battery prosecution. The court does not feel that defendant has been prejudiced by the procedure followed by Mr. Nicholson, although such procedure seems unwise, because it is likely to arouse suspicion. In fact, defendant is now represented by the attorney whom he tried to see, but found unavailable, before going to the Nicholson office on January 25th. Having chosen to represent plaintiff in her divorce, Mr. Nicholson acted promptly to disclose the situation to defendant and to return the retainer. Regardless of what defendant may have said, Mr. Nicholson never conferred with him in regard to defense of a possible divorce action. The court is reluctant to deprive plaintiff of the attorney of her choice because of a situation which she did not bring about, and when that situation has not prejudiced any rights of defendant.

A diligent search has uncovered no law, statutory or case law, which would require a finding of disqualification of plaintiff's attorney under the facts of this case; therefore, defendant's petition averring that C. Henry Nicholson is disqualified to act as attorney for plaintiff in this action is denied and dismissed and the rule granted thereon is discharged.

Costs are to abide the outcome of the divorce action.